■　In the Matter of the Claim of ANDREW D. BASS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GABRIELLI, J.　Appeal from a decision of the Unemployment Insurance Appeal Board filed December 4, 1967 disqualifying claimant from unemployment insurance benefits on the ground he was unavailable for employment.　The record supports the finding of the board that the claimant's job efforts were not only small in number but not active and diligent.　The question of whether a claimant has made sufficient efforts to meet the statutory test of availabiliy for employment is factual and within the sole province of the board if its determination is, as here, supported by substantial evidence (e.g., Matter of Asher [Catherwood], 29 A D 2d 995).　Accordingly, the decision must be affirmed.　Decision affirmed, without costs.　Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.

■　In the Matter of the Claim of ANDREW D. BASS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GABRIELLI, J.　Appeal from a decision of the Unemployment Insurance Appeal Board filed December 4, 1967 disqualifying claimant from unemployment insurance benefits on the ground he was unavailable for employment.　The record supports the finding of the board that the claimant's job efforts were not only meager but also unrealistic in scope.　The question of whether a claimant has made sufficient efforts to meet the statutory test of availability for employment is factual and within the sole province of the board if its determination is, as here, supported by substantial evidence (e.g., Matter of Stuhl [Catherwood], 30 A D 2d 595).　Accordingly, the decision must be affirmed.　Decision affirmed, without costs.　Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.

■　In the Matter of PHILIP NADLER, Petitioner, v. JAMES E. ALLEN, JR., as Commissioner of Education and as Chief Administrative Officer of the Education Department of the State of New York, et al., Respondents.— HERLIHY, J.　Proceeding by the petitioner pursuant to article 78 of the CPLR to review a determination of the Board of Regents suspending for a period of one month petitioner's license to practice chiropractic.　The record contains ample evidence to sustain the charges upon which the petitioner was found guilty and it does not appear that there has been any error in the construction of the statutes involved by the respondents as to these charges. Upon the present proceeding we have not considered the contentions of the petitioner in regard to the validity of the regulations of the respondent board as to advertising (8 NYCRR 73.1) because the facts in this case were sufficient to constitute a violation of the statute (Education Law, § 6559, subd. 1, par. d) without reference to the regulations.　Determination confirmed, without costs, and petition dismissed.　Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.