■ In the Matter of the Claim of PATRICIA M. KIRCHOFF, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 21, 1975, which affirmed the decision of the referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective January 20, 1975 because she was not available for employment (Labor Law, § 591, subd 2). The question of whether the efforts of the claimant, a retail sales person, to secure employment were sufficiently diligent to satisfy the statutory requirement of availability is factual to be determined by the board (e.g. *Matter of Knobloch [Catherwood]*, 28 AD2d 765) and where, as here, it cannot be said that the board's determination is not supported by substantial evidence, it must be sustained (e.g. *Matter of Bass [Catherwood]*, 31 AD2d 573). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

■ In the Matter of the Claim of MATINDE EVANS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 1975, which affirmed the decision of a referee sustaining the initial determination, as modified, to be effective September 9, 1974, disqualifying claimant from receiving benefits because he voluntarily left his employment without good cause. Claimant was a principal of a self-help project in the Country of Tanzania. In July of 1974, with the permission of his employer, he took a temporary leave of absence to go to Africa to assist two of his associates on the project. Claimant ultimately notified the employer that he would return to work on September 9. When claimant subsequently notified the employer that he would not be able to return to work on an uninterrupted basis on September 9, the employer notified claimant that he would have to return to work on September 9 on a full-time basis and that the employer would not hold claimant's position past that date. Claimant's wife returned from Africa on or about September 9 and advised the employer that claimant would not return until December, 1974, although claimant did in fact return on October 10, 1974. On September 23, 1974 the employer had decided to replace him and had done so. The above facts, as found by the Unemployment Insurance Appeal Board, are supported by substantial evidence. When claimant did not return to work on the date demanded by his employer, he voluntarily terminated his employment, and his reason therefor was not a compelling one so as to constitute good cause for unemployment insurance purposes. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.